## No. 10,716.

### THE STATE EX REL. NEW ORLEANS INSURANCE ASSOCIATION VS. CITY OF NEW ORLEANS AND BOARD OF LIQUIDATION OF CITY DEBT.

The holders of old consolidated bonds of the City of New Orleans, the extension
of which is provided for by Act 58 of 1882, by collecting the interest coupons
and detaching them from said bonds, which matured after January 1, 1883, for-
feit the right to have them extended.

APPEAL from the Civil District Court for the Parish of Orleans.
*Ellis, J.*

---

*E. W. Huntington* and *Alfred Grima* for Relators and Appellees:

All allegations in a petition not denied by the answer must be taken as true. 9
An. 528; 18 An. 161.

The proviso in the third section of Act No. 58 of 1882—"that no bonds shall be ex-
tended, unless all the unmatured coupons falling due after January 1, 1883, are
attached thereto"—refers to coupons unmatured at the time of the application
made to the Board of Liquidation of the City Debt for the extension of the
bonds to which they belonged.

The construction placed on the said act by the said Board of Liquidation by their
uniform and continuous practice in extending bonds of like issue to those sued
upon is binding on them toward the relators who bought such bonds when
250; 16 An. 196.

In a doubtful case the agreement is interpreted against him who has contracted
the rule adopted by the said board was prevailing. R. C. C. 1956; 3 Rob. 187; 2 An
the obligation. 3 An. 224; 6 An. 204; 19 An. 167; 20 An. 363; 17 An. 191, Commercia
Bank vs. City.

A rule of statutory construction is that the intent of the law maker is to be ascer-
tained by inquiring what was his motive in legislating. 30 An. 982.

*Henry C. Miller* for Defendants and Appellants:

The act of the Legislature, No. 58 of 1882, to authorize the City of New Orleans to extend the payment of its bonded debt, provided that all past due coupons matured up to and including the 1st of January, 1883, should be funded into ten years bonds, and that extant bonds should be extended forty years (subject to call after 1895) by the issue of certificates bearing interest coupons for the interest accruing after the 1st of January, 1883; but to renew the bonds the act provided "that no bonds shall be extended unless all the unmatured coupons falling due after the 1st of January, 1883, shall be attached thereto;" and this condition exacted that all the unmatured coupons borne upon the bond when issued, beginning with that earliest maturing after 1st of January, 1883, should be attached to the bond when tendered to be funded. See Act of 1882, No. 581 Sections 1, 2, 3, 4, Session Acts, pp. 66, 67, 68.

It follows that the bonds sued on in this case, not having attached to them all the coupons borne upon the bonds when issued maturing after the 1st of January 1883, are not entitled to be extended under the Act of 1882.

---

The opinion of the court was delivered by

McENERY, J. The relators apply for a mandamus to compel the City of New Orleans, through the Board of Liquidation, to extend, according to the provisions of Act No. 58 of 1882, eighty-two bonds of $1000 each, known as old consolidated bonds of the City of New Orleans, issued under the act of consolidation of said city, adopted by the Legislature, on the 23d of February, 1852.

The City of New Orleans, through the Board of Liquidation, answers, denying relator's ownership of the bonds, and that the option was extended by Act 58 of 1882 to the holder of the said bonds to extend the same on the condition that all the unmatured coupons maturing after the 1st of January, 1883, were to be attached to the bonds presented for extension; that the relators, when they presented said bonds for extension, did not present with them, attached to the bonds, all the unmatured coupons falling due after 1st January, 1883, as required by said act, the same having been detached and paid, and the said board can not therefore be required to extend said bonds.

The relators are the owners of the bonds.

The evidence shows that the Board of Liquidation has extended, under said act, other bonds with unmatured coupons attached, only at the date of application for extension.

The fact that the Board of Liquidation has, in many instances, disregarded the provisions of Act 58 of 1882 can not determine the legal construction to be placed on said act.

The question presented in the case is, are the applicants for the extension of their bonds required to present attached to them all the unmatured coupons maturing after 1st January, 1883, or only the unmatured coupons at the date of the application for extension. As recited in said Act 58 of 1882, it is a contract between the city and her creditors mentioned therein. But it only became a contract binding upon both after the acceptance of the conditions of the act. As long as the creditor refused to accept its conditions he was a stranger to it, and not bound by it.

The act was an appeal to the city's creditors to comply with its conditions, because of her financial embarrassment.

By Act 68 of 1882 the Legislature authorized the city of New Orleans to levy and collect an additional tax to pay the interest on her debt other than premium bonds, which were provided for. The act was conditional. If the creditor of the city refused the terms of Act 58 of 1882 it was to become a law. If they accepted the terms of said act it was to become null and void.

The creditor had his option to extend his bond, or to hold them under the original contract by which they were issued and receive his interest. The holders of the bonds in suit preferred the latter proposition. All the coupons have been paid and detached from the bonds to the day of presenting the bonds for extension. The bonds mature in 1892. The holders and owners of them have held them for eight years, during which time they have collected the interest coupons and detached them from the bonds.

Act 58 of 1882 provides that no bond shall be extended unless all the unmatured coupons falling due after the 1st of January, 1883, shall be attached thereto. When the bond is extended a certificate is attached, obligating the city to pay in future years coupons at the rate of 3 per cent. semi-annually, and that they shall relate to the maturity of the coupons on the extended bonds, beginning with the earliest coupons maturing after 1st of January, 1883.

The act could not be carried out according to its plain and unambiguous meaning without the presentation of the bond, with all the unmatured coupons attached thereto, after the 1st of January, 1883.

Act 58 was approved 30th June, 1882. It dealt with the bonds as they then existed, and had reference to the past due coupons upon which interest had defaulted, and to the unmatured coupons, dating after 1st January, 1883.

We think the plain, textual provisions of the act will bear no other interpretation. In order to extend these bonds the relators must conform to and comply with the act.

They have not complied with it. They have rejected the offer contained in the act. They have collected the interest coupons and surrendered them, thus placing it out of their power to accept the conditions proffered in Act 58 of 1882.

The holders of these bonds had one year (until July, 1884) to comply with the provisions of said Act 58 of 1882. This was ample time. Within this time they have neglected to avail themselves of its provisions, and have collected the interest on the coupons maturing after January 1, 1883, thus plainly refusing to accept the provisions of said act.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided, reversed, and it is now ordered that the relief prayed for by relators be denied and the rule herein be discharged at relators' costs.